IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    CIVIL NO. 87-840 (CVR)

DOMINGO SERRA AND CARMEN
IRIS COLON,

Defendants.

**OPINION AND ORDER**

Defendants Domingo Serra and Carmen Iris Colón (hereafter "defendants") are pending a hearing before this Magistrate Judge on an order to show cause to be held upon the United States' request for contempt.  The request for contempt is predicated on allegations defendants have knowingly violated the terms of a stipulation and consent judgment reached by all the parties on July 6, 1988.  At such time, defendants were married to each other and were the owners of a property identified as Lot 15  that was adjacent to the beach.[1]  The purpose of the stipulation was to prohibit defendants from discharging any dredged or fill material into navigable waters of the United States or adjacent wetland without first obtaining a permit under the relevant provisions of the Clean Water Act.[2]  Title 33, United States Code, Section 1344.

Defendant Serra recently filed a Motion of Dismissal regarding the United States' Motion Requesting Order to Show Cause (Docket No. 86) and as a consequence the hearing

---

[1]  Docket No. 118, Exhibit 1, Stipulation for Consent Judgment.

[2]  The stipulation provides that, upon violation of the agreement, contempt proceedings could be commenced for imposition of penalties and/or incarceration of defendants until full compliance. The Court retained jurisdiction for purposes of enforcing, interpreting or modifying the requirements of the stipulation.  Docket No. 118, Exhibit 1, ¶¶ i, p.

United States v. Domingo Serra, et al
Civil No. 87-0840 (CVR)
Opinion and Order
Page No. 2

to show cause scheduled for January 17, 2013, and the penalties that may result. (Docket No. 114). The United States has filed its opposition. (Docket No. 118). The Court referred these motions to this Magistrate Judge. Then, the parties consented to proceed before a Magistrate Judge for all further proceedings (Docket No. 120) and this case was assigned to the undersigned.[3]

Defendant Serra submits the 1988 consent decree between the parties referred to a plot of land identified as Parcel/Lot 15.[4]  However, the request for contempt recently filed by the government at Docket No. 86 refers to observations by an officer from the U.S. Army Corps of Engineer on April 19, 2012, that defendants caused discharge of materials at the plot of land and adjacent wetlands Punta Las Picuas sector in Río Grande, Puerto Rico, specifically parcel number 13.  A sworn statement by José A. Cedeño-Maldonado was submitted as to observations while he was standing on the paved road directly in front of Lot 13 for he could not have access and he observed the filled material was placed in the area. Defendant Serra's grounds to dismiss present the sworn statement does not indicate the fill material observed was located in the wetland or discharged in the wetland and as such, the request for contempt lacks any real evidence to sustain the allegations. Additionally, defendant Serra submits the stipulation clearly covered Parcel 15 and not Parcel 13 as attested to by the affiant.  (Docket No. 86, Exhibit 3, Declaration of José A. Cedeño-Maldonado).  To further substantiate his position, defendant Serra avers the same

[3] The show cause hearing was re-scheduled for February 26, 2013 at 9:00 a.m at the request of counsel for defendants. (Docket Nos. 124 and 125).

[4] Co-defendant Carmen Iris Colón-Santiago's Motion to Dismiss incorporated by reference all arguments raised by defendant Serra. (Docket No. 121).

United States v. Domingo Serra, et al
Civil No. 87-0840 (CVR)
Opinion and Order
Page No. 3

situation arose when back in February 4, 2004, the U. S. Army Corps of Engineer issued a cease and desist order as to said Parcel 13 but when objected to by defendants, the U.S. Army Corps of Engineer never proceeded with the order or pursued a remedy with the Court. Defendant considers that any violation claimed as to Parcel 13 must be pursued in a new case and not as part of the 1988 stipulation.

The United States opposed defendant's motion to dismiss as to only covering activities at Parcel 15 and not as to adjacent Parcel 13. It attests that defendant Serra informed officer José Cedeño-Maldonado that he was placing the fill on Parcel 13. The government also claims the stipulation should not be so restrictively construed.

To the contrary, the United States indicates the prohibition to discharge any dredge or fill material into the navigable waters cannot grant impunity to discharge from any location of defendant's property except Parcel 15. Paragraph I(f) therein provides that:

> I (f):   Defendants are prohibited from the discharge of any dredged or fill material into navigable waters of the United States or adjacent wetlands without first obtaining a permit pursuant to Section 10 of the Rivers and Harbors Act of 1899, 33 U.S.C. 1403 and the Clean Water Act, 33 U.S.C. §1344.

The United States further submits defendants were well aware of a need for the U.S. Corps of Engineers to grant them a permit since they visited same during October and November of 2012 and were so advised by Ms. Carmen Gisela Román, Corps Regulatory Project Manager for the north east coast of Puerto Rico and the need of a Clean Water Act Section 404 permit. There was also a second visit by defendant Serra and he was advised as to the need for a permit for the placement of fill on their property. Defendant Serra was therein advised as to fill activities not only in Parcels 15 and 13, but also as to Parcels 23 and

United States v. Domingo Serra, et al
Civil No. 87-0840 (CVR)
Opinion and Order
Page No. 4

25 and was issued a Cease and Desist Order for activities as to Parcel 13.  (Docket No. 118, Exhibit 4).[5]  The United States also raised submission as to the interpretation of the maps and photos of the area were also discussed in regards to adjacent property indicators of wetlands and where fill may have been placed.

Sanctions in civil contempt proceedings are employed to coerce the defendant into compliance or where appropriate, to compensate the harmed party for losses sustained. In re Power Recovery Systems, Inc., 950 F.2d 978 (1st Cir. 1991) (citing to Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441, 31 S.Ct. 492, 498 (1911).

Due process may entitle the parties to discovery and an evidentiary hearing to the extent necessary to resolve relevant factual disputes, which are present in the instant case. Thus, the present issues are more akin for evidentiary adjudication at the time of the hearing already scheduled.[6]  Still, since the contempt is limited to whether defendants' conduct violated or not the stipulation and the judgment thereunder entered in this case, the parties can reasonably expect litigation as to the order to show cause not to encompass a new and independent civil action.  To prove civil contempt it must be shown that defendant had notice of the order, which was clear and unambiguous, had the ability to comply with the order and violated same.  Hawkins v. Department of Health & Human Servs. of New Hampshire, 665 F.3d 25 (1st Cir. 2012) (citing United States v. Saccoccia, 433

---

[5]  Co-defendant Colón-Santiago has briefly attempted to argue the law of the case doctrine would not allow the original injunction to be extended to another plot of land.

[6]  Similarly the government's contention that it is seeking to have this matter placed at rest provided it gains authorization to access parcel 13, which has already been denied by defendant, need not be resolved.  Defendants have acknowledged standing to deny access to the property for defendants are to be afforded certain procedural protection once the government initiated proceedings of contempt.

United States v. Domingo Serra, et al
Civil No. 87-0840 (CVR)
Opinion and Order
Page No. 5

F.3d 19, 27 (1ˢᵗ Cir. 2005).[7]  In civil contempt a less than full adversary hearing comports

due process.  In re Grand Jury Proceedings, 795 F.2d 226 (1ˢᵗ Cir. 1986).

        In view of the foregoing, the Motions to Dismiss are DENIED.[8]  (Docket No. 114,

121).  The scheduling of the order to show hearing remains as set at Docket No. 125.

        IT IS SO ORDERED.

        In San Juan, Puerto Rico, this 8ᵗʰ day of January of 2013.

                              S/ CAMILLE L. VELEZ-RIVE
                              CAMILLE L. VELEZ-RIVE
                              UNITED STATES MAGISTRATE JUDGE

---

[7]  A complainant must prove contempt by clear and convincing evidence.  AMF Inc. v. Jewett, 711 F.2d 1096 (1ˢᵗ Cir. 1983) (citing Burke v. Guiney, 700 F.2d 767, 769 (1ˢᵗ Cir. 1983)).

[8]  The show cause hearing set for January 17, 2013 at 9:00 am remains as previously set.